UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CRIMINAL NO. 4:23-CR-0430-S2-01 |
| | § | |
| CYRUS KOUROSH BOUJABADI, | § | |

## PRELIMINARY ORDER OF CRIMINAL FORFEITURE

On June 6, 2025, Defendant Cyrus Kourosh Boujabadi pleaded guilty to Counts One and Eleven of the Second Superseding Indictment in this matter. Count One charges the defendant with conspiracy to possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(C). Count Eleven charges the defendant with knowingly engaging in a monetary transaction in criminally derived property of a value greater than $10,000 by, through or to a financial institution, in violation of Title 18, United States Code, Sections 1957(a), (b)(1) and 2.

The United States provided notice to the defendant in the Second Superseding Indictment that pursuant to Title 21, United States Code, §§ 853(a) and 970, upon conviction of a violation of Title 21, United States Code, §§ 841 and 846 and/or Title 21, United States Code, §§ 963 and 952(a), the United States would seek to forfeit all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation, and all property used, or intended to be

used, in any manner or part, to commit, or to facilitate the commission of, such violation.

The United States further provided notice to the defendant in the Second Superseding Indictment that pursuant to Title 18, United States Code, Section 982(a)(1), in the event of conviction of a violation of Title 18, United States Code, § 1957(a), the United States would seek to forfeit all property, real or personal, which was involved in violations of Title 18, United States Code, § 1957(a) or traceable to such property.

The defendant agreed in his Plea Agreement to forfeit his interest in the property related to this case, which are listed in this Preliminary Order of Forfeiture. The Defendant stipulated and agreed in the Plea Agreement that the property listed in the Second Superseding Indictment in this action is (1) subject to forfeiture as property constituting, or derived from, proceeds traceable to Counts One as charged in the Second Superseding Indictment or property traceable to such property and violations; and/or (2) property which was involved in Count Eleven as charged in the Second Superseding Indictment or traceable to such property and violations.

Pursuant to Fed. R. Crim. P. 32.2(b)(1), the Court finds that based on the record, the requisite nexus has been established between the defendant's violations as charged in Counts One and Eleven of the Second Superseding Indictment and the property listed in this Preliminary Order of Forfeiture.

In view of the foregoing, the Court finds that the United States Marshals Service should be authorized to assume control over and management of the property, including the real properties, pending any ancillary proceedings and a final order of forfeiture.

THEREFORE, the Court hereby ORDERS as follows:

1.    It is ORDERED that all right, title and interest in the following real property, with improvements and appurtenances, is hereby forfeited to the United States of America, and that title to the subject property vests in the United States:

a)    Real property lying and being in the 4th Civil District of FENTRESS COUNTY, TENNESSEE, and being LOT #219 OF "WILDER MOUNTAIN, PHASE 6", being a development of J.J. DETWEILER ENTERPRISES, INC., and being depicted on a survey plat prepared by Christopher M. Vick, R.L.S. #2164, and being of record in Plat Book P5, Page 48, of the Register's Records for Fentress County, Tennessee, to which reference is here made for a complete description of the property.

b)    Real property lying and being in the 4th Civil District of FENTRESS COUNTY, TENNESSEE, and being LOT #220 OF "WILDER MOUNTAIN, PHASE 6", being a development of J.J. DETWEILER ENTERPRISES, INC., and being depicted on a survey plat prepared by Christopher M. Vick, R.L.S. #2164, and being of record in Plat Book P5,

Page 48, of the Register's Records for Fentress County, Tennessee, to which reference is here made for a complete description of the property.

c) Real property lying and being in the 4th Civil District of FENTRESS COUNTY, TENNESSEE, and being LOT #221 OF "WILDER MOUNTAIN, PHASE 6", being a development of J.J. DETWEILER ENTERPRISES, INC., and being depicted on a survey plat prepared by Christopher M. Vick, R.L.S. #2164, and being of record in Plat Book P5, Page 48, of the Register's Records for Fentress County, Tennessee, to which reference is here made for a complete description of the property.

2. It is ORDERED that the United States Marshals Service shall seize the real properties listed in paragraph 1 above as soon as practicable and manage them until the forfeiture becomes final as to all parties, at which time the United States shall have clear title and the United States Marshals Service shall dispose of the properties according to law.

3. It is ORDERED that the following property is forfeited to the United States:

a) Ethereum crypto currency wallets valued at approximately $55,260.00;

b) Bitcoin crypto currency wallet valued at approximately $31,386.82; and

c) $19,216.00 in U.S. Currency.

4. It is ORDERED that the United States Marshals Service is authorized to take custody of the property listed above and may direct any financial institutions to leave

an account in place or direct that an account be surrendered to be held by the United States Marshals Service. After the forfeiture becomes final as to all parties, the United States Marshals Service shall dispose of the property according to law.

5.    It is ORDERED that upon receiving notice of this Order, each financial institution holding any of the property subject to this Order shall promptly inform the U.S. Marshals Service as to the account balances at the time of the notice. The financial institutions shall thereafter supplement such information by reporting to the U.S. Marshals Service any changes to the accounts, and by responding promptly to requests by the United States for information on the accounts. It is furthered ORDERED that any financial institutions holding any account subject to this Order shall take no offsets against such accounts.

6.    It is ORDERED that pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure, and pursuant to the defendant's consent in his Plea Agreement, this Preliminary Order of Forfeiture is final as to the defendant. The order of forfeiture shall be made part of the defendant's sentence and included in the judgment.

7.    It is ORDERED that the United States shall publish notice of this Preliminary Order of Forfeiture and, to the extent practicable, shall provide written notice to any person known to have an alleged interest in the forfeited property. Any person, other than the defendant, asserting a legal interest in the property may, within thirty days

of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the property, within such time and in the manner provided by Title 21, United States Code, Section 853(n). If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided by Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

8.      It is ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

Signed in Houston, Texas, on the 11th day of June 2025.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE